**In re Elmer OBERHELLMANN, Respondent.**

**No. 74920.**

Supreme Court of Missouri, En Banc.

April 26, 1994.

John E. Howe, Sam S. Phillips, Jefferson City, for informant.

Earle B. Leadlove, St. Louis, for respondent.

COVINGTON, Chief Justice.

This is an original disciplinary proceeding instituted by the Bar Committee of the 22nd Judicial Circuit. *Rule 5.* The second amended information charges respondent Elmer C. Oberhellmann with violations of *Rules 3.3(a)(1) and (4); 3.4(b); 5.5(a); 8.4(a), (c), and (d)* of the Missouri Rules of Professional Conduct. This Court appointed the Honorable Stephen R. Sharp, Judge of the 35th Judicial Circuit, as Master. Judge Sharp made findings and recommended that respondent be suspended from the practice of law for an indefinite period with leave to file for reinstatement pursuant to *Rule 5.26.*

In a disciplinary proceeding the Master's findings, conclusions, and recommendations are advisory in nature. This Court reviews the evidence *de novo,* determines independently the credibility, weight, and value of the testimony of the witnesses, and draws its own conclusions of law. *In re*

*Waldron,* 790 S.W.2d 456, 457 (Mo. banc 1990).

Respondent is and was at all relevant times admitted to the practice of law in the State of Missouri. The charges brought against him involve his activities in two separate and unrelated cases. Counts I through IV involve respondent's representation of Ms. Deveri Ray in a medical malpractice suit. Counts V and VI involve respondent's actions in the Douglas Payton case.

## THE RAY MATTER

Ms. Deveri Ray employed respondent to represent her in a medical malpractice suit involving the stillbirth of her child. At the time Ms. Ray became pregnant she lived in Texas. She moved to Missouri in February 1986, several months prior to the birth of her child and prior to the time that the alleged tort occurred. The doctors named as defendants in the suit were all domiciled in Missouri, and the hospital named as a defendant was incorporated in Missouri. On January 30, 1987, the date suit was initiated in the United States District Court, Eastern District of Missouri, Ms. Ray resided with her mother in St. Peters, Missouri. The complaint alleged, however, that Ms. Ray was a resident of Texas, although she had told respondent she lived in St. Peters, having moved to Missouri in February 1986.

During the course of discovery, defendants filed interrogatories inquiring into Ms. Ray's place of residence. In providing respondent with written information to be used in answering the interrogatories, Ms. Ray again informed respondent that she resided in St. Peters, Missouri. In spite of Ms. Ray's assertions, respondent filed interrogatory answers with the court stating that since February 1986 Ms. Ray had resided in Fairview Heights, Illinois. The address listed was, in fact, that of respondent's mother, Mrs. Dorothy Goode Oberhellmann.

Ms. Ray had no knowledge that respondent had listed her address as Fairview Heights, Illinois, in the interrogatory answers until immediately before she was deposed. At that time respondent advised Ms. Ray that she should state that she resided with Dorothy Goode at Fairview Heights, Illinois, and to further state that Goode was her cousin. Ms. Ray testified as instructed, although she had never been to Fairview Heights, nor had she previously heard of Dorothy Goode.

Before the deposition, respondent told Ms. Ray that if he tapped her foot or nudged her knee during the deposition she should respond to the question then being asked by stating that she did not know or did not recall. Following her counsel's instruction, Ms. Ray gave additional false answers at the deposition, one of which touched upon her knowledge of where her former husband was then living.

Defendants discovered the deception and filed a motion to dismiss for lack of diversity of citizenship. The district court ordered the plaintiff to show cause why the case should not be dismissed. Shortly thereafter, an attorney associated with respondent sought and was granted leave to dismiss the case without prejudice.

After the dismissal, respondent advised Ms. Ray that she should establish an Illinois address after which he would refile the lawsuit. In May of 1988, Ms. Ray leased an apartment in Granite City, Illinois, and changed her mailing address to Granite City. On June 24, 1988, respondent refiled Ms. Ray's complaint in federal court. The complaint alleged that Ms. Ray was a resident of Illinois.

In August of 1988, defendants filed a motion to dismiss for lack of diversity of citizenship. On February 9, 1989, the court ordered Ms. Ray to show cause why the case should not be dismissed for lack of diversity jurisdiction. Respondent voluntarily dismissed the second case.

The informant charged in Count I of the information that respondent violated **Rule 3.3(a)(1)** and **(4)** by knowingly offering false evidence of Ms. Ray's residence. **Rule 3.3(a)** provides in pertinent part: "A lawyer shall not knowingly: (1) make a false statement of material fact or law to a tribunal; . . . or (4) offer evidence that the lawyer knows to be false."

The record shows that respondent filed a complaint alleging Ms. Ray was a resident of Texas in spite of the fact that Ms. Ray informed respondent that she lived in St. Peters, Missouri. Ms. Ray testified that respondent told her that she would receive a higher damage award if the case were tried in federal court. Once discovery commenced, diversity jurisdiction based on Texas residency could not be sustained. Although respondent testified that he used the Illinois address during discovery to avoid disclosure of Ms. Ray's actual residence to Ms. Ray's former husband, his testimony is not credible. This Court finds that respondent's actions were designed to create and retain federal diversity jurisdiction.

■■■ Respondent contends that the false statements he made to the tribunal were not material because "where" a case is tried is immaterial. Irrespective of speculation about perceived differentials in damage awards in federal and state courts, respondent's contention is without merit. His contention evidences either a lack of understanding of the need for respect of jurisdictional issues in the justice system, or, worse, a flagrant disregard of the significance of jurisdiction. The federal court obtained jurisdiction over Ms. Ray's case because of diversity of citizenship. 28 U.S.C. § 1332 (1988). A fact that invokes the jurisdiction of a court is a material fact. A court's lawful exercise of authority is not to be taken lightly; the extent or limits within which a court or judge's authority is exercisable is founded in federal and state constitutions. Jurisdiction has a territorial significance and may also be a matter of competence. By seeking to retain federal diversity jurisdiction by claiming Ms. Ray was a resident of a state other than Missouri, respondent knowingly made a false statement of material fact. Respondent violated *Rule 3.3(a)(1)* and *(4)*.

The informant charged in Counts II and III of the information that respondent violated *Rule 3.4(b)* by advising Ms. Ray to give false deposition testimony about her place of residence and about her knowledge of where her former husband was living. *Rule 3.4(b)* provides in pertinent part that a lawyer shall not counsel or assist a witness to give false testimony.

As noted above, respondent concedes that he advised Ms. Ray to give false deposition testimony concerning her place of residence. He does not concede, however, that he instructed Ms. Ray to lie about the whereabouts of her former husband. Ms. Ray testified at the Master's hearing that respondent directed her to give false testimony about the residence of her former husband. In response, respondent merely states that there was no reason why he would want Ms. Ray to testify falsely regarding where her former husband lived. Irrespective of the issue of credibility on the question of the former husband's residence, this Court finds that respondent violated *Rule 3.4(b)* by advising Ms. Ray to give false testimony regarding her residency.

Count IV of the information charged respondent with violation of *Rule 8.4(a)* and *(c)*, which provides, in pertinent part:

It is professional misconduct for a lawyer to:

(a) violate or attempt to violate the Rules of Professional Conduct ...; ....

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

The fact that respondent violated *Rules 3.3(a)* and *3.4(b)* conclusively establishes that respondent violated *Rule 8.4(a)* and *(c)*.

## THE PAYTON MATTER

Respondent and Howard Becker were associated in the practice of law from 1987 until April of 1990. Mr. Becker assisted respondent in his practice while developing a practice of his own. In July of 1988, Mr. Becker filed a personal injury action in the United States District Court for the Central District of Illinois on behalf of Douglas Payton against the City of Matoon, Illinois. Mr. Becker was the only attorney of record in the case.

On or about April 10, 1990, respondent and Mr. Becker ended their association. Respondent ordered Mr. Becker to vacate the premises. Mr. Becker did so and took the Payton file with him. On April 27, 1990, Mr. Becker settled the Payton case and notified the court

of the settlement. The court entered a dismissal on the same date.

A few days later, respondent filed a document dated April 27, 1990, entitled "Withdrawal of Appearance." The document stated that Mr. Becker was withdrawing as counsel for Mr. Payton and that respondent remained as counsel. The document was purportedly signed by Mr. Becker. Respondent was not admitted to practice in the court.

Mr. Becker, upon learning that respondent had filed the withdrawal of appearance, complained to the Honorable Richard Mills, Judge of the United States District Court for the Central District of Illinois, that respondent had forged his name on the withdrawal of appearance. Judge Mills conducted a contempt hearing at which respondent admitted having executed and filed the document. Judge Mills found respondent guilty of criminal contempt for filing a false and fraudulent pleading, thereby obstructing justice. *See In re Oberhellmann,* 748 F.Supp. 1344 (C.D.Ill. 1990), *rev'd sub nom., United States v. Oberhellmann,* 946 F.2d 50 (7th Cir.1991). The United States Court of Appeals, Seventh Circuit, reversed, finding that the government failed to meet its burden of showing that the filing of the document caused an actual obstruction of justice. The court nevertheless found respondent's action improper and recommended that Missouri disciplinary authorities investigate respondent's conduct. *See United States v. Oberhellmann,* 946 F.2d 50 (7th Cir.1991).

The informant charged in Count V of the information that by signing Mr. Becker's name to the withdrawal of appearance and filing the document with the federal district court, respondent violated the following rules: *Rule 3.3(a)(1),* which prohibits a lawyer from knowingly making a false statement of material fact or law to a tribunal; and *Rule 8.4(c)* and *(d)* which provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation or to engage in conduct prejudicial to the administration of justice.

Respondent concedes that he filed a withdrawal of appearance purportedly signed by Becker. Respondent asserts, however, that he had implied authority to sign and file the document. His assertion is not supported by the facts. Upon leaving the firm, Mr. Becker withdrew from respondent's cases. Mr. Becker testified that he may have authorized respondent's secretary to withdraw his appearance in any of respondent's cases which he overlooked upon his departure. In spite of the fact of Becker's authorization to show his withdrawal on some cases, it is not plausible that respondent believed that Mr. Becker overlooked the Payton case. Respondent testified that Mr. Payton was his client, not Becker's, and that Mr. Becker had wrongfully taken the file from the office. Under these circumstances respondent's argument is not credible.[1] Respondent violated *Rules 3.3(a)(1)* and *8.4.*

█ The informant charged in Count VI of the information that in filing the withdrawal of appearance respondent violated *Rules 5.5(a)* and *8.4(a).* *Rule 5.5(a)* provides that a lawyer shall not "practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction." Respondent concedes that he was not admitted to practice in the United States District Court for the Central District of Illinois as required by Rule 1 of that court. He contends, however, that he did not actually practice law in that court because no case was pending when he made the filing. Although respondent may avoid application of *Rule 5.5(a)* to his case because of the mistiming of the filing of the forged document, he clearly violated *Rule 8.4(a).* An attempt to violate the Rules of Professional Conduct constitutes misconduct. The evidence clearly shows that respondent attempted to practice law in the United States District Court for the Central District of Illinois without having been ad-

---

1. Respondent also claims mitigating factors, as he did at the hearing. He claims that he had a contract of employment with Payton and was primarily responsible for the file, that Becker was respondent's employee, and that Becker had wrongfully taken the file and might have hastily entered a settlement. This argument does not square with respondent's argument that he executed the document with implied authority.

mitted to practice there. Respondent violated *Rule 8.4(a)*.

## THE SANCTION

*Rule 5.21(c)* authorizes four types of discipline: reprimand; suspension for an indefinite period of time; suspension for a fixed period of time; and disbarment. Respondent argues that he should receive a public reprimand for his actions.

■ In cases of false statements, fraud, or misrepresentation, this Court issues reprimands only if the lawyer is merely negligent in determining whether statements or documents are false. *In re Storment*, 873 S.W.2d 227, 231 (Mo. banc 1994); *ABA Standards for Imposing Lawyer Sanctions, Rule 6.13* (1986). Respondent was more than negligent; therefore, public reprimand is not appropriate.

■ Nor is suspension appropriate. Suspension is appropriate only if a lawyer knows that a false statement is being submitted to a court and takes no remedial action. *ABA Standards for Imposing Lawyer Sanctions, Rule 6.12* (1986).

■ Disbarment is the appropriate sanction for respondent. Disbarment is appropriate when a lawyer, with the intent to deceive a court, makes a false statement or submits a false document to a court. *In re Storment*, 873 S.W.2d 227, 231 (Mo. banc 1994); *ABA Standards for Imposing Lawyer Sanctions, Rule 6.11* (1986).

■ This Court orders Elmer C. Oberhellmann disbarred. He cannot apply for readmission until at least five years after the effective date of his disbarment. *ABA Standards for Imposing Lawyer Sanctions, Rule 2.2* (1986); *Rule 5.26(a)*. Costs taxed to respondent.

All concur.