**In re STANLEY L. WILES,
Respondent.**

**No. SC 84978.**

Supreme Court of Missouri,
En Banc.

June 17, 2003.

Sharon K. Weedin, Office of Chief Disciplinary Counsel, Jefferson City, for Informant.

Stanley L. Wiles, Kansas City, for Respondent.

PER CURIAM.

**I.**

This reciprocal disciplinary proceeding results from violations of rules of professional conduct in Kansas and Missouri. In a Kansas proceeding, Respondent Stanley L. Wiles stipulated to misconduct and was publicly censured.[1] Because of that censure and several recent admonitions in Missouri, this Court suspends Respondent's license to practice law indefinitely, with leave to apply for reinstatement after six months. That suspension is stayed for one year, and Respondent is placed on probation, pursuant to Rule 5.225, with conditions set forth herein.

**II.**

■■■■ "The purpose of attorney discipline is to protect the public and maintain

---

1. See *In re Stanley L. Wiles,* 58 P.3d 711(Kan.2002)(Respondent disciplined for complaints relating to diligence, communica-tion, fees, safekeeping property and competence).

the integrity of the legal profession."[2] In matters of attorney discipline, this Court reviews the evidence *de novo* and reaches its own conclusions of law.[3] Professional misconduct must be established by a preponderance of the evidence in order for this Court to impose discipline.[4] When determining an appropriate penalty, the Court considers the gravity of Respondent's misconduct, as well as any mitigating or aggravating factors that tend to shed light on Respondent's moral and intellectual fitness as an attorney.[5]

During the Kansas disciplinary action, Respondent stipulated to facts warranting discipline in Missouri, and this Court adopts that stipulation.[6] As mitigating and aggravating factors, the Court first considers Respondent's extensive career as an attorney in Missouri as well as several recent admonitions. Respondent has been licensed in Missouri since 1969 and in Kansas since 1985. For most of those years, Respondent has warranted no discipline. However, between 1998 and 2001, Respondent was admonished in Missouri for four diligence rule violations (Rule 4–1.3), five communication rule violations (Rule 4–1.4), one safeguarding client property rule violation (Rule 4–1.15(b)), and one violation of the rule against engaging in conduct prejudicial to the administration of justice (Rule 4–8.4(d)). In the Kansas disciplinary action noted above, the Kansas Supreme Court indicated that Respondent had been given two prior admonitions in Kansas, though the dates and details are not provided.[7]

## III.

In recognition of those admonitions, a reprimand is insufficient to ensure the protection of the public and integrity of the legal profession. Rule 5.225(a) sets forth three factors to determine whether an attorney is eligible for probation. The first prong requires that the lawyer be "unlikely to harm the public during the period of probation" and be "adequately supervised." Respondent, while committing several violations worthy of admonition in recent years, practiced law as a sole practitioner without reported incident for almost three decades prior to those admonitions. Respondent can be strictly monitored during the period of probation by the Chief Disciplinary Counsel. Accordingly, Respondent meets the first prong to be considered for probation.

The second requirement for probation eligibility is that the lawyer be "able to perform legal services and . . . [be] able to practice law without causing the courts or profession to fall into disrepute."[8] As evidenced by his longstanding practice, Respondent possesses the required abilities to perform his duties as an attorney and his continued practice of law will not cause the courts or the profession to become the subject of disrepute. As such, Respondent meets the second requirement to be considered for probation.

The final requirement to be eligible for probation is that the offending attorney "has not committed acts warranting dis-

---

2. *In re Disney*, 922 S.W.2d 12, 15 (Mo. banc 1996).

3. *In re Oberhellmann*, 873 S.W.2d 851, 852 (Mo. banc 1994).

4. *In re Smith*, 749 S.W.2d 408, 410 (Mo. banc 1988).

5. *In re Donaho, Jr.*, 98 S.W.3d 871, 875 (Mo. banc 2003).

6. *Wiles*, 58 P.3d at 711–14.

7. *Id.* at 715.

8. Rule 5.225(a)(2).

barment."[9] Here, Respondent's violations, while serious, do not rise to a level that would warrant disbarment. Accordingly, Respondent satisfies all requirements to be considered eligible to receive probation.

## IV.

This Court finds that the conduct for which Respondent was publicly censured by the Supreme Court of Kansas is an extension of the conduct for which he has been subject to admonition in Missouri. In recognition of the aggravating effect of those admonitions, Respondent's license shall be suspended indefinitely, with leave to apply for reinstatement after six months. Respondent's suspension is stayed, and Respondent is placed on probation pursuant to Rule 5.225 for a period of one year.[10]

All concur.

9. Rule 5.225(a)(3).

10. The terms of the probation are as follows:

1. The Chief Disciplinary Counsel shall be the probation monitor. Respondent shall submit quarterly written reports to the Chief Disciplinary Counsel concerning the status of his practice of law and nature and extent of his compliance with conditions of probation. The reports shall be due March 31, June 30, September 30, and December 31 of each year during the period of probation. Each quarterly report shall list:
   a) any address changes;
   b) all continuing legal education classes attended;
   c) any arrests of Respondent;
   d) any criminal charges brought against Respondent;
   e) any criminal conviction of Respondent;
   f) any civil lawsuit filed against Respondent;
   g) any civil judgment entered against Respondent;
   h) the bank location and account numbers of all Respondent client trust accounts; and
   i) a general description of Respondent's law practice, including any disputes with clients.
2. Respondent shall notify the Chief Disciplinary Counsel within fourteen days of any change of address.
3. Respondent shall submit to independent audits of his trust account, conducted by an auditor approved by the Chief Disciplinary Counsel, at Respondent's expense. The audits may be conducted at random times during the period of probation. The timing of any audit shall be determined by the Chief Disciplinary Counsel.
4. The Respondent shall notify the Chief Disciplinary Counsel within fourteen days of any changes in the bank location or account number of Respondent's trust account.
5. Respondent shall attend at least two of the following continuing education programs and obtain a minimum of 12 CLE credits from program attendance:
   a) Missouri Bar—Annual Law Update;
   b) Missouri Bar—Solo and Small Firm Conference;
   c) Missouri Bar—Dealing with ethical issues in your practice;
   d) Missouri Bar—How to be professional, ethical and avoid malpractice;
   e) Missouri Bar—Essentials of Missouri Practice;
   f) Missouri Bar—Ethics in Litigation;
   g) Any other MCLE approved course approved in advance by the Chief Disciplinary Counsel.
6. The required attendance in paragraph 5 shall be in addition to the MCLE requirements of Rule 15.05. The 15.05 requirements for the then current reporting year shall be completed prior to the termination of probation.
7. No further violations of the Rules of Professional Conduct.